# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAYLA LYSTER, On Behalf of Herself and All Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Civil Action No. 1:25-cv-09423-VEC<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

VALERIE E. CAPRONI, United States District Judge:

**WHEREAS**, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

**WHEREAS**, the Parties, through counsel, agree to the following terms;

**WHEREAS**, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

**WHEREAS**, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

**WHEREAS**, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of

1

which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.    In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

(a)    "Action" means the above-entitled proceeding, *Cayla Lyster v. Amazon.com Services, LLC*, 1:25-cv-09423-VEC, filed in the United States District Court for the Southern District of New York.

(b)    "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

(c)    "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

(d)    "Highly Confidential" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot

2

be avoided by less restrictive means.

(e)    "Highly Confidential Materials" means any Documents, Testimony, or Information, as defined below, designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

(f)    "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential" or "Highly Confidential."

(g)    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

(h)    "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).

(i)    "Information" means the content of Documents or Testimony.

(j)    "Testimony" means all depositions, declarations, or other testimony taken or used in this Action.

2.    The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.     Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The Parties may agree that a case name and number are to be part of the "Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

(a)     For Documents (apart from transcripts of depositions or other pre-trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

(b)     For Testimony given in depositions the Designating Party may either:

i.     identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii.     designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. The 30-day deadline may be extended by agreement of the Parties. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party. Depositions or other pretrial hearing testimony shall be treated as Confidential during the 30-day designation period described above.

(c)     For Information produced in some form other than Documents, and for any

other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

5.    The inadvertent production by any of the undersigned Parties or non-Parties to the Action of any Document, Testimony, or Information during discovery in this Action without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written

notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.    Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

(a)    the Court;

(b)    (1) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(c)    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Action; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(d)    court reporters in this Action (whether at depositions, trial, hearings, or any other proceeding);

(e)    any deposition, trial, or hearing witness in the Action who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

(f)    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(g)    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(h)    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing or trial; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

(i)    any other person or entity that the Designating Party agrees to in writing.

8.    Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

(a)    the Court;

(b)    Case Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Action (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Action.  Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Case Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

(c)    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing or trial; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Case Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Case Counsel for the Designating Party of such breach or threatened breach;

(d)    any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information or thing designated "Highly Confidential," including any

9

person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information; and

(e)    court reporters in this Action (whether at depositions, hearings, trial, or any other proceeding).

9.    Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

10.    Any Party to the Action (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Action, to modify or grant relief from any provision of this Stipulation and Protective Order.

11.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not

(a)    operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

(b)    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the

10

terms of this Stipulation and Protective Order; or

     ii. to seek relief from the Court on appropriate notice to all other Parties to the Action from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12. Any Party to the Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13. Any Information that may be produced by a non-Party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail

11

transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15.    The Parties and individuals named in Paragraph 8 subject to this Order may not load, import, submit, or otherwise transfer any produced documents, data, information, or other discovery material, including but not limited to Confidential Materials or Highly Confidential Materials or summaries thereof, into a Large Language Model ("LLM") or Artificial Intelligence ("AI") platform, and may not use another party's documents, data, information, other discovery materials, or summaries thereof, to train AI systems or platforms. For the avoidance of doubt, this restriction expressly applies to the use of public advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to public versions of OpenAI GPT, ChatGPT3/4, et seq., Google Gemini, Meta LLAMA, MidJourney, DALL-E, Stable Diffusion, and similar public AI tools. The exception to this is the Parties agree that Relativity's aiR Platform, WestLaw's CoCounsel, Lexbe Copilot, and similar closed universe AI tools are acceptable tools that may be used by all Parties and individuals or entities listed in Paragraph 8 so long as such system, application, or platform:

(a)    has standard data security provisions and maintains appropriate security controls, data confidentiality protections, and system reliability standards;

12

(b)      has encryption standards and employs end-to-end encryption;

(c)      maintains secure cloud infrastructure that meets or exceeds industry best practices for legal technology;

(d)      is containerized (i.e., it does not transmit any documents, data, information, other discovery materials, or summaries thereof) to any external system or network for purpose of analysis, use, or the generation of text outputs in response to queries;

(e)      isolates data so that the system, application, or platform ensures data privacy through isolation at the organization, user, and workflow levels, with no possibility of data leakage;

(f)      has the ability to track all information in the system, including access;

(g)      will not use documents, data, information, other discovery materials, or summaries thereof, to train AI systems, applications, or platforms, whether or not the system, application, or platform is public;

(h)      will not be utilized to train AI products or tools being used for purposes other than this litigation;

(i)      does not retain or otherwise incorporate documents or data into training datasets or model parameters; and

(j)      does not otherwise allow access to documents, data, information, other discovery materials, or summaries thereof by unauthorized persons.

To the extent a party or any individual or entity identified in Paragraph 8 intends to use any LLM or AI platform, public or private, aside from Relativity aiR or CoCounsel, the party or individual or entity will not do so without agreement from the producing Party. The Parties will meet and

13

confer in an attempt to resolve any privacy and security concerns regarding the use of such other LLM or AI platforms. Any LLM or AI models, AI inputs, and AI outputs developed using Confidential Materials or Highly Confidential Materials will be deemed Confidential and will not be used for any purpose other than prosecuting or defending this litigation.

16. Any person in possession of another party's Confidential or Highly Confidential Materials shall maintain reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential and Highly Confidential Materials and protect against unauthorized access to or use of such Confidential and Highly Confidential Materials. A person or party may also comply with this provision by having the Confidential or Highly Confidential Materials managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential or Highly Confidential Materials, the receiving Party shall: (1) promptly provide written notice to the producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach and provide producing Party with assurances that such breach shall not recur; and (3) provide sufficient information about the breach that the producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving Party shall take all reasonable steps to give the producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The receiving Party agrees to cooperate with the producing Party or law enforcement in investigating any such security incident. In any event, the receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14

17.    Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18.    If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

19.    This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

20.    If Confidential Materials, Highly Confidential Materials, or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with motions and proceedings, the same shall be separately filed under seal with the Court.

21.    The Designating Party is responsible for making the required motion to file Confidential Materials, Highly Confidential Materials, and Information derived therefrom under seal. If the party filing the document is not the Designating Party, the filing party will ask the Court

15

to allow filing under seal on a temporary basis for 7 days.

22.    The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

23.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

24.    This Stipulation and Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Action is terminated.

25.    Upon written request made within thirty (30) days after the settlement or other termination of the Action, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition, (b) agree with counsel for the Designating Party upon

16

appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

26.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein.

SO STIPULATED AND AGREED.

Dated: March 13, 2026

A BETTER BALANCE

By: */s/ Katherine Greenberg*
    Katherine Anne Greenberg
    Shyamala Lakshmi Ramakrishna
    500 7th Avenue, 8th Floor
    New York, NY 10018
    Tel: (212) 430-5989
    kgreenberg@abetterbalance.org
    sramakrishna@abetterbalance.org

    Maia Beth Goodell
    VLADECK, RASKIN & CLARK
    111 Broadway, Suite 1505
    New York, NY 10006
    Tel: (212) 403-7300
    mgoodell@vladeck.com

*Attorneys for Plaintiff*

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Michael S. Burkhardt*
    Michael S. Burkhardt
    2222 Market Street
    Philadelphia, PA 19103
    Tel: (215) 963-5130
    michael.burkhardt@morganlewis.com

    Brian D. Berry*
    One Market, Spear Street Tower
    San Francisco, CA 94105-1596
    Tel: (415) 442-1000
    brian.berry@morganlewis.com
    *\*pro hac vice forthcoming*

*Attorneys for Defendant*

Notwithstanding anything in the foregoing to the contrary, the parties must comply with Rule 5 of the Undersigned's Individual Practices in Civil Cases before filing any materials under seal or with redactions.

SO ORDERED.

Dated: March 24, 2026

    New York, New York

    VALERIE E. CAPRONI
    United States District Judge

18