# Morgan Lewis

**Michael S. Burkhardt**
Partner
+1.215.963.5130
michael.burkhardt@morganlewis.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2026

May 18, 2026

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    *Lyster v. Amazon.com Services LLC*, No. 1:25-cv-9423-VEC**

Your Honor:

Our firm represents Defendant Amazon.com Services LLC ("Amazon") in the above-referenced matter.  We write to request that the Court strike Plaintiff's Notice of Supplemental Authority (Dkt. 30) (the "Notice") and disregard the EEOC Determination ("Determination") it attaches.[1]

First, the Notice is procedurally improper. It includes new allegations that do not appear in Plaintiff's complaint, new arguments that do not appear in her Opposition, and lengthy commentary on the Determination's purported relevance to Amazon's pending Motion to Dismiss (Dkt. 20). Thus, the Notice is not a neutral *notice* of new authority, but rather a *brief* that spans nearly three pages. As a result, the Court should strike the Notice. *See, e.g., Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F.Supp.3d 156, 164 n.5 (S.D.N.Y. 2015) (disregarding supplemental letter because it "improperly raises new arguments after the close of briefing and argument, without having sought or obtained permission for such a submission"); *Marcelletti v. GEICO Gen. Ins. Co.*, No. 6:23-CV-06211 EAW CDH, 2025 WL 1811668, at *14 (W.D.N.Y. July 1, 2025) (notices of supplemental authority were improper because they raised "substantive commentary that raise legal arguments as to the impact of the noticed cases on this action").

Second, the EEOC's determination letter related to a different matter is not authority. *See, e.g., Rosenberg v. Avery*, No. 25-CV-222 (ALC), 2025 WL 2879605, at *18 (S.D.N.Y. Oct. 9, 2025) ("[N]otices of supplemental authority should be used sparingly—principally for new controlling authority or decisions that reflect developments in the relevant caselaw—and such notices should not include any substantive commentary.") (quoting *Marcelletti, et al. v. Geico Gen. Ins. Co.*, 23-cv-06211, 2025 WL 1811668, at *14 (W.D.N.Y. July 1, 2025)); *Iverson v. Verizon Commc'ns*, No. 08 CIV. 8873(SAS), 2009 WL 3334796, at *2 (S.D.N.Y. Oct. 13, 2009) ("accord[ing] the [EEOC] determination no weight"); *Melber v. Thermo Fisher Sci.*, No. 21-CV-01079-JLS-HKS, 2024 WL 4556524, at *14 (W.D.N.Y. July 31, 2024), report and recommendation adopted, No. 21-CV-1079 (JLS) (HKS), 2024 WL 4555993 (W.D.N.Y. Oct. 22, 2024) ("exercis[ing] discretion not to consider

---

[1]  If the Court wishes, Defendant would gladly respond to the substance of the Notice and the EEOC determination.

**Morgan, Lewis & Bockius LLP**

2222 Market Street
Philadelphia, PA 19103
United States

**T** +1.215.963.5000
**F** +1.215.963.5001

Hon. Valerie E. Caproni
May 18, 2026
Page 2

[the EEOC determination] letter"); *Field v. Tonawanda City Sch. Dist.*, 604 F. Supp. 2d 544, 555 (W.D.N.Y. 2009) ("EEOC Determination Letters are inadmissible as insufficiently probative and without legal basis to avoid summary judgment"). The Court should strike the Notice for this reason as well.

For the foregoing reasons, Amazon requests that the Court strike Plaintiff's Notice.

We thank the Court in advance for its consideration of this request.

Sincerely,


*/s/ Michael S. Burkhardt*
Michael S. Burkhardt


Application DENIED WITHOUT PREJUDICE. Pursuant to Rule 4.A of the Undersigned's Individual Practices in Civil Cases, before filing a motion to strike, the moving party must coordinate a teleconference with Chambers to discuss the proposed motion.

SO ORDERED.

5/19/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE